**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LONNIE D. MORRIS, Sr.,**

      **Plaintiff,**

v.                                                **Civil Action No. 5:13cv85
(Judge Stamp)**

**D. KAZEE, et. al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on July 8. 2013, by filing a civil rights complaint and a motion for leave to proceed as a pauper. In the complaint, the plaintiff alleges that the defendants violated his right to free expression of his religious beliefs.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

While incarcerated, the plaintiff has had two prior civil actions and an appeal dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See e.g., Morris v. Meyers, et al., Civil Action No. 3:97-cv-50360 (Southern District of Illinois); Morris v. United States of America, et al., Civil Action No. 3:12cv73 (N.D. W.Va.); Morris v. United States of America, et al., No. 12-8100 (4th Cir. May 1, 2013). Therefore, based on the strikes plaintiff has

accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

With respect to the plaintiff's allegations in his complaint, there is no allegation that would support a finding of imminent danger of serious physical injury. Moreover, the plaintiff's complaint concerns events which occurred at FCI Gilmer, and by the time the plaintiff filed his complaint, he had been transferred to FCI Mendota.

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 2) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.")

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the counsel of record via electronic means.

DATED: 9-20-2013

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE