IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LONNIE D. MORRIS, Sr.,

    Plaintiff,

v.                                    Civil Action No. 5:13CV85
                                                    (STAMP)
D. KAZEE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND DISMISSING CIVIL ACTION**

I. Procedural History

On July 8, 2013, the plaintiff, who is an inmate at FCI Mendota, filed this civil action in this Court. In his complaint, the plaintiff alleges that the defendants violated his right to free expression of his religious beliefs while he was housed at FCI Gilmer. The Clerk of Court sent the plaintiff this Court's form motion to proceed in forma pauperis ("IFP")[1] that he was to fill out and return. Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge David J. Joel for report and recommendation.

Magistrate Judge Joel then entered a report and recommendation recommending that the plaintiff's case be dismissed pursuant to 28 U.S.C. 1915(g) because the plaintiff has filed at least three cases

---

[1] In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 849 (9th ed. 2009).

that were dismissed as frivolous.  The plaintiff filed objections to the report claiming: (1) he did not file a civil action in the Southern District of Illinois and the court has the burden of proving the plaintiff did so and (2) if his complaint does fall under § 1915, he is in imminent danger because he has been blocked from his position in food service because of his religious beliefs, which has the potential of causing him mental and physical injury.  For the reasons that follow, this Court finds that the plaintiff's motion for IFP status must be denied.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)©, this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

The Prisoner Litigation Reform Act of 1995 generally prohibits prisoners from filing a complaint under IFP status if that prisoner has filed at least three IFP cases previously which have been

dismissed as frivolous. Title 28, United States Code, Section 1915(g) specifically provides as follows: "In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The magistrate judge found that this section of the Prison Litigation Reform Act ("PLRA") was applicable in this case, finding that the plaintiff has had two prior civil actions and an appeal dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. Thus, the magistrate judge recommended dismissal of this civil action.

One of the actions the magistrate judge cited was <u>Morris v. Meyers, et al.</u>, Civil Action No. 3:97-cv-50360 (Southern District of Illinois). The plaintiff, in his objections, argues that he has never had a civil action in the Southern District of Illinois and thus does not fall within § 1915(g). This Court reviewed the plaintiff's case history and found that in fact he has not had a civil action in the Southern District of Illinois. However, he did have a civil action with the same title as that listed by the magistrate judge in the Northern District of Illinois which was dismissed as frivolous, malicious, or failing to state a claim upon

which relief may be granted.  Thus, although the plaintiff claims that he has not had three actions dismissed for frivolity, he is mistaken.  A simple typographical error by the magistrate judge does not rescue the plaintiff's case from the obstacle of § 1915(g).  Accordingly, based on this Court's confirmation that the plaintiff has in fact had three cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted,[2] the plaintiff's motion must be denied "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The magistrate judge next found that the plaintiff did not make any claim that he was in imminent danger of serious physical injury. Further, the magistrate judge noted that even if he had, the plaintiff was not in imminent danger of serious physical injury because his claims were based on his incarceration at FCI Gilmer and he is now housed at FCI Mendota. Consequently, any danger he faced based on these claims would have dissipated when he was transferred.  The plaintiff filed an objection contending that he is in imminent danger because he faces potential mental and physical injury because he was blocked from his position in the food service sector of FCI Gilmer.

---

[2] Morris v. Meyers, et al., Civil Action No. 3:97-cv-50360 (Northern District of Illinois); Morris v. United States of America, et al., Civil Action No. 3:12cv73 (N.D. W.Va.); Morris v. Untied States of America, et al., No. 12-8100 (4th Cir May 1, 2013).

4

The plaintiff's objection fails, however, because there is no evidence that he is in imminent danger at the new facility, FCI Mendota. As the magistrate noted, the plaintiff's claim involves events that occurred at FCI Gilmer. The plaintiff does not make any claims that he has encountered similar issues at FCI Mendota either in his complaint or in his objections. Accordingly, this Court finds that the plaintiff has not shown that he is in imminent danger of serious physical injury and is thus barred from proceeding IFP.

IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion for leave to proceed in forma pauperis is DENIED. This civil action is DISMISSED WITHOUT PREJUDICE. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE